FILED
SUPERIOR COURT
OF GUAM

2018 MAR 23 PM 3: 21

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| MERITZA MAE MANIBUSAN, AS CO-ADMINISTRATRIX OF THE ESTATE OF JAMES PATRICK SABLAN, | ) ) ) | CIVIL CASE NO. CV1165-17 |
| | ) | |
| PLAINTIFF, | ) ) | DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | ) ) | |
| GUAM HEALTHCARE DEVELOPMENT, INC., dba GUAM REGIONAL MEDICAL CITY, | ) ) ) ) | |
| DEFENDANT. | ) | |

## Introduction

This matter came before the Honorable Maria T. Cenzon on March 12, 2018 for a hearing on Defendant's Guam Healthcare Development, Inc., dba Guam Regional Medical City's ("Defendant") Motion to Dismiss or in the Alternative Stay Proceedings (the "Motion to Dismiss"). Defendant is represented by Attorney G. Patrick Civille. Plaintiff Meritza Mae Manibusan, as co-administratrix of the Estate of James Patrick Sablan ("Plaintiff") is represented by Attorney Gloria Rudolph. Having reviewed the record, the relevant law, and the parties' arguments, the Court ruled from the bench GRANTING Defendant's Motion to Dismiss. This Decision and Order further memorializes the Court's ruling.

## Background

This matter arises out of the "medical treatment that was rendered on James [Patrick Sablan] on or around November 15-17, 2015, and thereafter," performed by Defendant. Verified Complaint for Damages, p. 3 (Nov. 13, 2017). Plaintiff seeks damages based on negligence, medical malpractice, and wrongful death. *Id.*

*Meritza Mae Manibusan, as co-administratrix of the Estate of James Patrick Sablan v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV1165-17
D&O Granting Defendant's Motion to Dismiss
Page 1 of 5

On December 1, 2017, Defendant filed the instant motion asking the Court to Dismiss for failure to arbitrate or Stay the Proceedings until after arbitration. On December 29, 2017, Plaintiff opposed Defendant's Motion through the Opposition to [Defendant's] Motion to Dismiss or in the Alternative Stay Proceedings. On January 12, 2018, Defendant responded to Plaintiff's opposition in the Reply to Opposition to Motion to Dismiss or in the Alternative Stay Proceedings.

## Discussion

Defendant alleges that this Court does not have subject matter jurisdiction as required by 10 GCA § 10102, because Plaintiff failed to arbitrate her medical malpractice claims prior to initiating this judicial action. Alternatively, under 10 GCA § 10114, the Court may stay the proceedings pending the mandatory arbitration.

Plaintiff provides three reasons why this Court has subject matter jurisdiction over this action. First, Plaintiff has substantially complied with requirements of the statute by filing a demand for arbitration with Pacific Arbitration & Mediation Services ("PAMS"). PAMS, however, rejected Plaintiff's demand for arbitration. Secondly, Plaintiff's technical non-compliance - to specifically use the American Association Arbitration ("AAA") - should not bar Plaintiff from filing its medical malpractice claim. Lastly, Plaintiff would be denied a constitutional right if she is forced to suffer excessive hardship by paying for and having her claim handled by the AAA in California.

Therefore, the underlying issue before this Court is whether it has subject matter jurisdiction when the Plaintiff has failed to first arbitrate her medical malpractice claims.

### a. Subject Matter Jurisdiction

Rule 12(b)(1) provides the basis for dismissing a civil action for the lack of jurisdiction over the subject matter. Guam R. Civ. P. 12(b)(1). Jurisdiction is a threshold issue and any motion challenging a trial court's jurisdiction over a matter may be dispositive of the entire case.

*Meritza Mae Manibusan, as co-administratrix of the Estate of James Patrick Sablan v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV1165-17
D&O Granting Defendant's Motion to Dismiss
Page 2 of 5

*See Petition of Quitugua v. Flores*, 2004 Guam 19 ¶ 31. Under 10 GCA § 10102,[1] malpractice claimants are required to submit their claims to arbitration *prior to* bringing a court action. *Villagomez-Palisson v. Superior Court*, 2004 Guam 13, ¶¶ 8-9, 34 (emphasis added). Hence, if a claimant fails to first arbitrate its medical malpractice claims, the Court does not have subject matter jurisdiction.

Plaintiff contends that this Court should find that its substantial compliance with Section 10102 mandating arbitration satisfies the requirements under the statute, specifically arguing that since the statute only requires a claim "be *submitted* to mandatory arbitration," mere submission is all that is required. Pl. Opp. to Defs. Mot. to Dismiss, at p. 6 (quoting 10 GCA § 10102) (emphasis in Plaintiff's motion). Plaintiff misconstrues the clear language of the statute.

Both parties cite to *JP Morgan Chase Bank v. SFR Investments Pool*, wherein the Nevada Supreme Court opined that "in determining whether strict or substantial compliance is required, courts examine the statute's provisions, as well as policy and equity considerations." 200 F. Supp. 3d 1141, 1170 (2016) (internal citations omitted). Additionally, courts examine "whether the purpose of the statute or rule can be adequately served in a manner other than by technical compliance with the statutory or rule language." *Id.* Thus, Courts generally strictly construe time and manner requirements, while substantial compliance with a statute may be sufficient for form and content requirements. *Id.*

Plaintiff's argument conflicts with the opinion of the Guam Supreme Court in *Villagomez-Palisson v. Superior Court*, 2004 Guam 13 ¶ 30, wherein the Guam Supreme Court found the legislative purpose to be as follows:

---

[1] The statute in its entirety provides:

> Mandatory arbitration. Any claim that accrues or is being pursued in the territory of Guam, whether in tort, contract, or otherwise, *shall be submitted to mandatory arbitration* pursuant to the terms of this Chapter if it is a controversy between the patient, his relatives, his heirs-at-law or personal representative or any third party or other party, and the health professional or health care institution, or their employees or agents, and is based on malpractice, tort, contract, strict liability, or any other alleged violation of a legal duty incident to the acts of the health professional or health care institution, or incident to services rendered or to be rendered by the health professional or health care institution.

*Meritza Mae Manibusan, as co-administratrix of the Estate of James Patrick Sablan v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV1165-17
D&O Granting Defendant's Motion to Dismiss
Page 3 of 5

[Title 10, Chapter 10] was passed as a result of the perceived problem associated with the increase in the cost of malpractice insurance, and even its unavailability. The committee found that the island was faced with a dilemma due to the passing on of high medical fees and costs to the consumer, as well as the increase in costs of medical care due in part to the tendency of physicians to practice "defensive medicine" to avoid malpractice suits. The Guam Legislature apparently believed that the provisions of the Arbitration Act would remedy what it perceived as a crisis situation in the area of medical malpractice.

*Id.* ¶ 29. Based on these legislative committee findings, the Court finds the clear and unequivocal intent of the legislature was to require strict compliance with the arbitration requirement to the conclusion of such arbitration. The Court concurs with the Defendant that submitting the claim first to mandatory arbitration is a time and manner requirement, and therefore should be strictly construed.

It is undisputed that Plaintiff has not *actually* arbitrated her claims through the AAA, PAMS, or any other arbitration firms. As such, the Court's analysis stops here. The Court lacks subject matter jurisdiction until Plaintiff *completes* arbitration through the AAA or any other entity organized to arbitrate disputes pursuant to Title 10, Chapter 10 of the Guam Code Annotated.

### b. Plaintiff's Due Process Claim

Plaintiff argues that Section 10102 is now invalid since there is no longer an AAA office in Guam. Moreover, Plaintiff would be denied meaningful access to the court if forced to suffer excessive hardship by paying for and having the claim handled by AAA.

The Court recognizes its role in determining whether the "availability of arbitrating before AAA" may violate one's due process rights. *Villagomez-Palisson v. Superior Court*, 2004 Guam 13 ¶ 33. Further, the Court recognizes that 10 GCA § 10101(a) does not specifically limit a claimant to file a claim through AAA and actually provides, "Association means the [AAA] *or* other entity organized to arbitrate disputes pursuant to this Chapter." (emphasis added). Again, the Court is not requiring Plaintiff to arbitrate through the AAA, but the Court determined that Plaintiff is required to actually arbitrate the claims through AAA, PAMS, or any other entity organized to arbitrate.

*Meritza Mae Manibusan, as co-administratrix of the Estate of James Patrick Sablan v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV1165-17
D&O Granting Defendant's Motion to Dismiss
Page 4 of 5

## Conclusion and Order Dismissing Case

Based on the lack of subject matter jurisdiction, the Court finds dismissal of this action is warranted. The Court hereby GRANTS Defendant's Motion to Dismiss.

It is therefore ORDERED that Plaintiff's Complaint is hereby DISMISSED WITHOUT PREJUDICE.

No further hearings are scheduled in this matter.

SO ORDERED this _____ **MAR 2 3 2018** _____, *nunc pro tunc* March 12, 2018.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
Lujan & Wolff
Civille & Tang
Date: 3-23-18 Time: 3:20pm

Deputy Clerk, Superior Court of Guam

*Meritza Mae Manibusan, as co-administratrix of the Estate of James Patrick Sablan v. Guam Healthcare Development, Inc., dba Guam Regional Medical City*; CV1165-17
D&O Granting Defendant's Motion to Dismiss
Page 5 of 5